IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATITUS ROMALE MENYWEATHER, Plaintiff, vs. DEPARTMENT OF CORRECTION SERV., SCOTT FRAKES, Director; and DOSSOU, Officer, Corpal; Defendants. | 4:17CV3040<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on March 27, 2017. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 8.) Plaintiff paid his initial partial filing fee on May 10, 2017. (*See* Docket Sheet.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner confined at the Lincoln Correctional Center. (Filing No. 1 at CM/ECF p. 1.) He names Scott Frakes ("Frakes"), Director of the Nebraska Department of Correctional Services ("NDCS"), Corporal Dossou ("Dossou"), an employee at the Diagnostic and Evaluation Center ("DEC"), and any known and unknown NDCS employees as Defendants in his Complaint. (*Id*. at CM/ECF p. 9.) He sues Frakes in his official capacity. (*Id*.) He sues Dossou and any known and unknown NDCS employees in their official and individual capacities. (*Id*.) Plaintiff seeks monetary relief. (*Id*. at CM/ECF p. 6.)

Plaintiff was previously confined at DEC. (*Id.* at CM/ECF p. 10.) Plaintiff alleges that Dossou sprayed an entire can of O.C. (pepper spray) into his eyes at close range despite Plaintiff's compliance with Dossou's instruction to place his hands behind his back. (*Id.*) Plaintiff also claims to have been in "a very non-defensive stance." (*Id.*) Plaintiff claims that his medical records evidence serious injury to his eyes from the spray, and that he must now use reading and "seeing" glasses. (*Id.*) He also claims to suffer from mental health issues as a result of the incident. (*Id.*) Plaintiff alleges Dossou's actions constituted excessive force and assault and battery. (*Id.* at CM/ECF pp. 11-13.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014)

(quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

**A. Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has sued state employees – Frakes, Dossou, and any known and unknown NDCS employees - and seeks monetary relief against them. The Eleventh Amendment bars these claims against Defendants in their official

capacities. Accordingly, Plaintiff's claims for monetary relief against Defendants in their official capacities must be dismissed.

**B. Dossou – Excessive Force Claim**

Plaintiff raises an Eighth Amendment excessive force claim against Dossou. "It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010), (internal quotations omitted). However, "'not ... every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give result in a constitutional violation." *Id*. (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)); *see also Wilkins v. Gaddy*, 130 S.Ct. 1177–78 (2010), ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)). Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*. *Wilkins*, 130 S.Ct. at 1180.

Plaintiff alleges that Dossou sprayed him in his face with a full can of O.C. at close range despite Plaintiff's compliance with Dossou's instruction to place his hands behind his back. Plaintiff alleges that his eyesight and mental health suffer because of the incident. Liberally construed, Plaintiff has alleged sufficient facts to suggest that Dossou applied excessive force in spraying him with O.C. This claim will proceed against Dossou in his individual capacity. The court cautions Plaintiff that this is only a preliminary determination based on his allegations, and is not a determination of the merits of his claims or potential defenses thereto.[1]

---

[1] This is particularly so given Plaintiff's attachments to his Complaint. The State Claims Board rejected Plaintiff's claim, because it was determined after follow-up medical attention that Plaintiff did not sustain damage to his eyes and Plaintiff did not request further medical treatment. (Filing No. 1 at CM/ECF p. 19.)

## C. Remaining Defendants

Plaintiff asserts claims against Frakes based upon his role as a supervisor. He asserts claims against any known and unknown NDCS employees because they committed "unlawful transgressions" and lied for Dossou. (Filing No. 1 at CM/ECF pp. 4, 9.) The court will dismiss any claims against Frakes and any known and unknown NDCS employees (with the exception of Dossou) in their individual capacities from this action because *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983, and because Plaintiff does not allege that they were personally involved in the underlying incident. *See Krych v. Hvass*, 83 F. Appx. 854, 855 (8th Cir. 2003) (unpublished) (finding merely listing individuals as defendants in a complaint and not alleging personal involvement in the constitutional violations insufficient to state a claim); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability). Nor do responses to Plaintiff's grievance constitute a violation of Plaintiff's constitutional rights. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that allegations regarding actions of prison officials in handling prisoner's grievances, and regulating his access to his attorney, were insufficient to state a constitutional claim).

## D. State Law Claim

Plaintiff alleges an assault and battery claim against Dossou under state law. Because the court is permitting Plaintiff's Eighth Amendment excessive force

---

The Prison Litigation and Reform Act prohibits a prisoner from receiving compensatory damages for mental or emotional distress if the plaintiff does not allege a physical injury. *See* 42 U.S.C. § 1997e(e). However, out of an abundance of caution and because Plaintiff alleges that he did sustain physical injury to his eyes, the court will allow Plaintiff's claim to proceed at this early proceeding stage.

claim to proceed against Dossou, it will also permit Plaintiff's state law claim to proceed against him.

### IV. Motion for Counsel

Plaintiff requests counsel. ([Filing No. 1 at CM/ECF p. 6](#).) The court cannot routinely appoint counsel in civil cases. In [*Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)](#), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *[Id](#).* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims for monetary relief against Defendants in their official capacities are dismissed as barred by the Eleventh Amendment.

2. Plaintiff's Eighth Amendment excessive force claim against Defendant "Corporal Dossou" in his individual capacity and related assault and battery state law claim against Defendant "Corporal Dossou" may proceed to service of process. All other claims against all other Defendants in their individual capacities are dismissed for failure to state a claim.

3. Plaintiff's motion for counsel is denied without prejudice to reassertion.

4. For service of process on Defendant "Corporal Dossou" in his individual capacity, the clerk of the court is directed to complete a summons form

and a USM-285 form for Defendant "Corporal Dossou" using the address "Diagnostic and Evaluation Center, 3220 W Van Dorn St, Lincoln, NE 68522," and forward them together with a copy of the Complaint and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve Defendant "Corporal Dossou" personally in his individual capacity at the Diagnostic and Evaluation Center, 3220 W Van Dorn St, Lincoln, NE 68522. Service may also be accomplished by using any of the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (Reissue 2016).[2]

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. The clerk of the court is directed to set the following pro se case management deadline: **September 7, 2017**: check for completion of service of process.

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

Dated this 9th day of June, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge